IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JULIE ILSLEY, d/b/a STOPNSHOPPOUTLET.COM, and FICTITIOUS DEFENDANTS 1-10, | ) ) ) ) |
| Defendants. | ) ) ) |

CASE NO. 1:06-CV-1035-MEF

**RECEIVED**
2006 NOV 17 P 3: 59
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, CHANEL, INC., a New York corporation, ("Chanel") sues Defendants, JULIE ILSLEY, d/b/a STOPNSHOPPOUTLET.COM, (hereinafter referred to as "Ilsley") and FICTITIOUS DEFENDANTS/JOHN DOES 1-10, (hereinafter Ilsley and the Fictitious Defendants are collectively referred to as "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.  This action seeks to enforce 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). Furthermore, this action is one in which diversity of citizenship exists and the amount in dispute exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants' principal place of business is within this District, and Defendants conduct business activities within this District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this District.

1

## THE PARTIES

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 9 West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, handbags under the federally registered trademarks CHANEL and CC MONOGRAM (collectively, the "Chanel Marks").

3. Ilsley is an individual who, upon information and belief, conducts business within this Judicial District and resides at 114 Boxwood Drive, Enterprise, Alabama 36330. Ilsley uses at least the name StopNShoppOutlet.com as an alias to operate her business.

4. Upon information and belief, Ilsley is directly and personally engaging in the sale of counterfeit products as alleged herein.

5. Fictitious Defendants/John Does 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 1 through 5. Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

6. Fictitious Defendants/John Does 6 through 10 are business entities that, upon information and belief, reside and\or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 6 through 10. Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

## COMMON FACTUAL ALLEGATIONS

7.  Chanel is the owner of the following U. S. trademark registrations:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |

The Chanel Marks are registered in International Class 18 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, and attaché cases. Additionally, Chanel is owner of the trade dress rights associated with its handbag products (the "Chanel Trade Dress"). The Chanel Trade Dress encompasses the overall look, feel, texture, and patterns used by Chanel in connection with the advertisement, marketing, and sale of its genuine goods.

8.  The Chanel Marks and Trade Dress have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, and other products for an extended period of time.

9.  The Chanel Marks and Trade Dress have never been assigned or licensed to any of the Defendants in this matter.

10. The Chanel Marks and Trade Dress are symbols of the Plaintiff's quality, reputation, and goodwill and have never been abandoned.

11. Further, Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks and Trade Dress. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

12. Plaintiff has extensively used, advertised, and promoted the Chanel Marks and Trade Dress in the United States in association with the sale of handbags, wallets, and other goods and has carefully monitored and policed the use of the Chanel Marks and Trade Dress.

13. As a result of the Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks and Trade Dress as being high quality merchandise sponsored and approved by the Chanel.

14. Accordingly, the Chanel Marks and Trade Dress have achieved secondary meaning as an identifier of high quality products, including handbags, wallets, and other goods.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks and Trade Dress, including its exclusive right to use and license the Chanel Marks and Trade Dress and the goodwill associated therewith.

16. Chanel has discovered the Defendants are manufacturing, promoting, and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least handbags and wallets bearing trademarks which are exact copies of the Chanel Marks and Trade Dress (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using Chanel's Marks and Trade Dress in the same stylized fashion for different quality goods.

17. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different from Chanel's genuine goods. The Defendants, upon information and belief, are actively manufacturing, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of the Defendants' actions is to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by the Chanel.

18. Upon information and belief, the Defendants import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public. In advertising these products, the Defendants use Chanel's Marks and Trade Dress. Indeed, the Defendants, upon information and belief, misappropriated Chanel's advertising ideas and business styles with respect to Chanel's genuine products. Upon information and belief, the Defendants misappropriated Chanel's advertising ideas in the form of Chanel's Marks and Trade Dress, in part, in the course of Defendants' own advertising activities. The Defendants' acts are the proximate cause of damage to Chanel.

19. Upon information and belief, the Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States. Defendants' infringement and disparagement of Chanel's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, the Defendants are defrauding Chanel and the consuming public for their own benefit.

20. The Defendants' use of the Chanel Marks and Trade Dress, including the manufacture, importation, promotion, advertising, distribution, sale, and offering for sale of the Counterfeit Goods, is without Chanel's consent or authorization.

21. Further, the Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard or willful blindness to Chanel's rights, for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

22. The Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between the Chanel's genuine goods and the Defendants' Counterfeit Goods.

23. Chanel has no adequate remedy at law.

24. Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by Chanel are directly and proximately caused by the Defendants' wrongful importation, advertisement, promotion, and sale of their Counterfeit Goods.

26. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

**COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT**

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

28. This action is for trademark counterfeiting and infringement against the Defendants based on the Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

29. Specifically, the Defendants, upon information and belief, are importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing handbags, wallets, and other goods. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell counterfeit handbags, wallets, and other goods.

30. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

31. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

33. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

34. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

35. The Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of the Plaintiff's respective genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

36. The Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to describe or represent such goods falsely and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

37. Specifically, the Defendants, upon information and belief, authorized and engaged in an infringing use of the Chanel Marks and associated Trade Dress in the Defendants' advertisement and promotion of their counterfeit and infringing handbags and wallets. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

38. The Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Plaintiff has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - TRADEMARK DILUTION

40. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

41. The Chanel Marks are famous trademarks within the meaning of 15 U.S.C. § 1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the

remainder of the world, and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of the Chanel Marks by third parties.

42. The Defendants are engaged in a commercial use of the Chanel Marks in commerce.

43. The Defendants' above-described counterfeiting activities are disparaging, damaging and lessening to the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, the Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and the Defendants' Counterfeit Goods.

44. The Defendants' actions described herein may have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's rights for the purpose of trading on the Plaintiff's reputation and diluting the Chanel Marks.

45. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

46. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

47. This action is for trademark infringement against the Defendants based on their manufacture, promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Chanel's common law trademark rights.

48. Specifically, the Defendants are importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing infringing handbags and wallets.

49. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

50. As a result of the above described trademark infringement activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

### COUNT V - COMMON LAW UNFAIR COMPETITION

51. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

52. This action is for unlawful appropriation of Chanel's exclusive rights in the Chanel Marks and is against the Defendants based on their unauthorized manufacture, promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Alabama's common law of unfair competition.

53. Specifically, the Defendants are unlawfully importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing handbags, wallets, and other goods bearing the Chanel Marks.

54. Defendants' wrongful activities of unauthorized use of the Chanel Marks and Trade Dress, in attempting to pass off their products as if they are Chanel products in a manner calculated to deceive members of the trade and the general public, are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' products by their use of the Chanel Marks and Trade Dress.

55. The natural, probable, and foreseeable consequences of the Defendants' wrongful conduct have been and will continue to be the deprivation of the exclusive rights Chanel has in and to its intellectual property.

56. Defendants' wrongful acts of unauthorized use of the Chanel Marks and Trade Dress have and will continue to cause Chanel substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of the value of its intellectual property. The harm these wrongful acts cause to Chanel is both imminent and irreparable, and the amount of damage sustained by Chanel will grow even more difficult to ascertain if these acts continue.

57. As a result of the above described wrongful activities of unfair competition by the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

**PRAYER FOR RELIEF**

58. WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants as follows:

   a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks and Trade Dress or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the

services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags, wallets, and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of the Plaintiff, or in any way endorsed by the Plaintiff, and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

    b.  That the Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that Chanel be awarded statutory damages from each defendant in the amount of one million ($1,000,000) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c.  That Plaintiff be awarded punitive damages.

    d.  That Plaintiff be awarded pre-judgment interest on its judgment.

    e.  That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorney fees and investigators fees associated with bringing this action.

      f.    That the Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this the 17th day of November, 2006.

_____
Lee M. Pope (POP008)

_____
Helen Kathryn Downs (DOW019)

Attorneys for Plaintiff Chanel, Inc.

**JOHNSTON BARTON PROCTOR & POWELL, LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203 2615
Telephone:   (205) 458-9400
Facsimile:    (205) 458-9500
E-mail:       hkd@jbpp.com
                 lmp@jbpp.com

**OF COUNSEL**

**PLAINTIFF DOES <u>NOT</u> DEMAND A TRIAL BY JURY**

_____
OF COUNSEL

**PLAINTIFF WILL SERVE DEFENDANT BY PERSONAL SERVICE UPON RECEIPT OF A PROPERLY ISSUED SUMMONS AND COMPLAINT FROM THE CLERK OF COURT. PLAINTIFF WILL EXECUTE THE NECESSARY RETURN OF SERVICE FOR SUBMISSION TO THE COURT WITHIN 120 DAYS OF THE FILING OF THE COMPLAINT, PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

W0581641.DOC