**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**SOUTHERN DIVISION**

CHANEL, INC.,                                )
a New York Corporation,           )
                                                       )
            Plaintiff,                          )
                                                       )
vs.                                                  )            CASE NO. 06-cv-01035-MEF-SRW
                                                       )
JULIE ILSLEY, d/b/a                     )
STOPNSHOPPOUTLET.COM, *et al*,    )
                                                       )
            Defendants.                      )
_____)

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF AGAINST**
**JULIE ILSLEY d/b/a STOPNSHOPPOUTLET.COM**

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") sues Defendant, JULIE ILSLEY d/b/a STOPNSHOPPOUTLET.COM, (hereinafter referred to as "Ilsley" or "Defendant") moves the court to enter a default judgment against Ilsley and submits the following in support thereof:

**MEMORANDUM**

**I.       PLAINTIFF IS ENTITLED TO JUDGMENT AGAINST DEFENDANT**

**A.       Default Is Proper.**

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  Venue in this Judicial District is proper under 28 U.S.C. § 1391 as the underlying wrongful activities involved in this case occurred in this Judicial District.

This action was initiated against Ilsley by Plaintiff on November 17, 2006, through the filing of a Complaint for Federal Trademark Counterfeiting and Infringement (Count I), Federal False Designation of Origin (Count II), Trademark Dilution (Count III), Common Law Trademark Infringement (Count IV), and Common Law Unfair Competition (Count V).  See Docket Number 1.  Ilsley was served with the Summons and Complaint on December 9, 2006. See Docket Number 3.  Ilsley's response was due on December 29, 2006.  As of the date of this Memorandum, Plaintiff has not received an answer from Ilsley, and no extension of time within which to answer or otherwise respond to the Complaint has been granted.  See Exhibit "A," Declaration of Helen Kathryn Downs ("Downs Decl.") ¶ 5. To Chanel's knowledge, Ilsley is not in the military service, not an infant, and is not incompetent. See Downs Decl. ¶ 7; Declaration of Jason Holmes ¶ 4 (attached hereto as Exhibit "B").

The Pleadings and Declarations filed in support of this Motion clearly support a finding that Ilsley violated Chanel's rights under the Lanham Act and Alabama law.  Accordingly, Default and Final Default Judgment pursuant to FED. R. CIV. P. 55 should be entered against Ilsley.

**B.    Plaintiff's Rights.**

Chanel is a corporate entity duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  Chanel designs and markets a wide range of leather goods, including handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, cosmetic bags sold empty, briefcase-type portfolios, attach cases, and other goods which are sold throughout the United States and worldwide.

Chanel is, and at all times relevant hereto has been, the owner of the following federally registered trademarks:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| CHANEL | 0,626,035 | May 1, 1956 |
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |

which are registered in International Class 18 and used in connection with the manufacture and distribution of high quality, handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, attaché cases, and various other items (the "Chanel Marks").  See true and correct copies of the Chanel registrations at issue in this proceeding attached hereto as Composite Exhibit "C" and Declaration of Adrienne Hahn Sisbarro ¶ 5 (attached hereto as Exhibit "D") ("Hahn Decl.").

### C.     Defendant's Infringing Acts.

As proven by Plaintiff and admitted by default, Ilsley is the owner and operator of the website Stopnshoppoutlet.com.  See Declaration of Robert Holmes ¶ 7 (attached hereto as Exhibit "E") ("Robert Holmes Decl.").  Ilsley does not have, nor has she ever had, the right or authority to use the Chanel Marks for any purpose.  See Hahn Decl. ¶ 9.  However, despite her known lack of authority to do so, Ilsley has been importing, advertising and selling at least handbags bearing counterfeit marks which are identical to the registered Chanel Marks.  See

Hahn Decl. ¶ 15. Ilsley's Internet website Stopnshoppoutlet.com shows the infringing and counterfeit products bearing the Chanel Marks which Ilsley offers for sale and sells. Copies of relevant pages from Ilsley's website are attached hereto as Composite Exhibits "F." Moreover, given Ilsley's slavish copying of Chanel's marks, label sizes, color schemes, printing and designs, Plaintiff's and Defendant's products sold thereunder are indistinguishable to consumers at the point of sale.[1]

As admitted by Ilsley through default, at all times relevant Ilsley had full knowledge of Chanel's ownership of its intellectual property rights, including its exclusive right to use and license those rights and the goodwill associated therewith.

## II.    PLAINTIFF IS ENTITLED TO THE RELIEF REQUESTED

Upon entry of default, the factual allegations of Plaintiff's Complaint will be taken as true. Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987). Ilsley is deemed to have admitted, upon default, all well-pled allegations in the Complaint. Id. Ilsley's failure to respond to the allegations of the Complaint in this action establishes her liability under each of the claims asserted in the Complaint. Id. The issuance of a permanent injunction, an award of monetary damages, and the recovery of attorney fees and costs are the proper subjects of a default judgment for violations of the Lanham Act. Sara Lee Corp. v. Bags of New York, Inc., 36 F. Supp.2d 161 (S.D.N.Y. 1999); Playboy Enters., Inc. v. Asiafocus Int'l, Inc., 1998 U.S. Dist. Lexis 10359 (E.D. Va. 1998).

### A.    A Permanent Injunction Should Be Entered.

Since injunctive and other equitable relief may be granted in accordance with the principles of equity to prevent violations of trademark laws, 15 U.S.C. § 1116, this Court should

---

[1] Notwithstanding their visual similarity to consumers, Defendant's counterfeit products are substantially different in quality.

permanently enjoin Ilsley from infringing any of Plaintiff's intellectual property rights, including the Chanel Marks. The risk of continuing infringement is likely, owing to strong consumer demand for Plaintiff's products. See Hahn Decl. ¶ 6. Therefore, granting a broad permanent injunction is warranted.

In Walt Disney Co. v. Powell, 897 F.2d 565 (D.C. Cir. 1990), the Court granted an injunction against infringement of not only the Disney characters at issue in that action, but also Disney characters not involved in the suit. In Broadcast Music, Inc. v. United States Shoe Corporation, 211 U.S.P.Q. 43, 45 (C.D. Cal. 1980), the Court not only granted Broadcast Music, Inc., an injunction enjoining the defendant from infringing the seven songs at issue in the litigation, but extended the prohibition to infringement of any song in the BMI repertoire as well.

As admitted by default, a likelihood of confusion exists herein since Defendant is engaged in counterfeiting activities using spurious designations which are substantially indistinguishable from Plaintiff's actual Chanel Marks. Irreparable injury may be presumed as a matter of law where a likelihood of confusion is found to exist. E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports. Inc., 756 F.2d 1525, 1530 (11th Cir. 1985). Plaintiff will continue to suffer irreparable injury to its reputation and goodwill for as long as Defendant is allowed to continue her counterfeiting and infringing activities. See Hahn Decl. ¶ 8.

In this action, Ilsley's complete disregard for Chanel's rights and her failure to respond to this litigation warrant the issuance of a broad permanent injunction against infringement of any of Chanel's intellectual property rights, including those at issue in this case.

**B.     Plaintiff is Entitled to an Award of Statutory Damages For Count I.**

As alleged in the Complaint (and admitted by Ilsley's failure to respond to the Complaint) and confirmed in the Declarations filed in this action, the handbags distributed,

advertised, sold and/or offered for sale by Ilsley bore counterfeits of the Chanel Marks.  See Hahn Decl. ¶ 15, Robert Holmes Decl. ¶ 9.  In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $500.00 nor more than $100,000.00 per counterfeit mark per type of goods.  In addition, if the Court finds Ilsley's counterfeiting actions were willful, then it may impose damages above the maximum limit up to $1,000,000.00 per mark per type of goods. 15 U.S.C. § 1117(c)(2).  Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

> **C.    Plaintiff is Entitled to Enhanced Statutory Damages Based upon Ilsley's Willful Counterfeiting.**

The Court has wide discretion to set an amount of statutory damages.  Sara Lee Corp., 36 F. Supp.2d at 166-67 (collecting cases, analogizing the Copyright Act statutory damages, and describing breadth of court  discretion in awarding statutory damages under the Lanham Act); Playboy Enters., Inc., 1998 U.S. Dist. Lexis 10359 (E.D.Va. 1998); see also Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 852 (11th Cir. 1990)(concluding that the court  discretion in setting the amount of copyright statutory damages is "wide, constrained only by the specified maxima and minima.").  Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain.  See, e.g., S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages).  This case is no exception.  Since Ilsley has refused to participate in this litigation Chanel has been deprived of the ability to obtain discovery from her.

The only available evidence, however, demonstrates Ilsley advertised, offered for sale,

and/or sold at least one (1) type of product, handbags, bearing the Chanel Marks which are protected by seven (7) federal trademark registrations owned by Chanel.  See Composite Exhibit "F."  The Chanel Marks counterfeited are renowned worldwide as identifiers of high quality merchandise.  See Hahn Decl. ¶¶ 6-7.  That Ilsley sold goods using marks that are identical to such strong marks shows her desire and purpose to trade upon Plaintiff's goodwill.  Indeed, in such a case, it is appropriate to infer Ilsley intended to benefit from Chanel's reputation to the detriment of Chanel. See Rolex Watch U.S.A., Inc. v. Canner, 645 F. Supp. 484, 492 (S.D. Fla. 1986).

Further evidence of Ilsley's intent is found in the identification of the goods offered for sale on her website Stopnshoppoutlet.com as being "replicas."  See Composite Exhibit "F."  By use of the term "replicas" on her website as a disclaimer, Ilsley acknowledges that her goods bearing the Chanel Marks are not genuine. Other courts have considered the effect of a disclaimer similar to the one used by the Defendant and found the use of such disclaimer to be significant evidence of bad faith.   For example, in Rolex Watch USA, Inc. v. Jones, the Honorable Judge Cote held as follows:

> Moreover, Jones' bad faith is manifest.  Jones' websites show that Jones markets his products as replicas of the Plaintiff's products.  Jones undeniably "adopted [his] mark[s] with the intention of capitalizing on Plaintiff[s]' reputation and goodwill and any confusion between his and the senior user[s] product[s]". Lang v. Retirement Living Pub. Co. Inc., 949 F.2d 576, 583 (2d Cir. 1981).
>
> Footnote 1 – the fact that Jones' websites contain a disclaimer stating that his products are replicas, and that "[by] purchasing one of these replicas by [sic] agrees not to sell or represent them as genuine," is not evidence of good faith, as Jones clearly sought to capitalize on the value and renown of the Plaintiff's marks.  It also does not diminish the likelihood of confusion.  Likelihood of confusion does not focus solely on the party purchasing a product from the defendant; "post-sale confusion as well as point-of-sale confusion [is] actionable under the Lanham Act."  Nabisco, Inc. v. PF Brands, Inc., 191 F.3d 208, 218 (2d Cir. 1999).

<u>Rolex Watch USA, Inc. v. Jones</u>, 2000 WL1528263 S.D.N.Y. 2000.

Ilsley's intent to capitalize on the reputation and goodwill of the Chanel Marks is also made apparent by her failure to remove the counterfeit items from her website after she was notified of her infringing activities. Prior to filing this suit, Chanel delivered a cease and desist letter to Ilsley regarding her sale of products bearing counterfeit Chanel Marks. <u>See</u> Declaration of Lynnette Oka ¶ 7 (attached hereto as Exhibit "G") ("Oka Decl.") and Exhibit "1" attached thereto. The letter advised Ilsley she was engaging in illegal activity and demanded she stop, yet Ilsley continued selling goods bearing counterfeits of the Chanel Marks. <u>See</u> Composite Exhibit "F." Ilsley continued her infringing activity even after a second cease and desist letter was sent by Chanel through counsel. <u>See</u> Declaration of Stephen M. Gaffigan ¶¶ 3-5 (attached hereto as Exhibit "H") ("Gaffigan Decl.") and Exhibits "1" and "2" attached thereto.

In any event, Ilsley has defaulted on Chanel's allegations of willfulness. As such, the Court should award a significant amount of statutory damages available under the Lanham Act to ensure that Ilsley does not continue her intentional and willful counterfeiting and infringement activities.

As noted above, the only available evidence demonstrates Ilsley distributed, advertised, offered for sale, and/or sold at least one (1) type of product, handbags, bearing the Chanel Marks which are protected by seven (7) federal trademark registrations owned by Chanel. <u>See</u> Composite Exhibit "F." By way of example, on April 4, 2005, via her internet website Stopnshoppoutlet.com, Ilsley was offering for sale ten (10) different styles of handbags priced between $79.00 and $110.00 each, all bearing counterfeits of the Chanel Marks. <u>See</u> Composite Exhibit "F."

A review of Ilsley's same website on September 16, 2005 reveals Ilsley was offering for sale fifteen (15) different styles of handbags priced between $69.00 and $99.00 each, all bearing counterfeits of the Chanel Marks.  A review of the same website on November 11, 2005 reveals Ilsley was offering for sale nine (9) different styles of handbags priced between $69.00 and $99.00 each, all bearing counterfeits of the Chanel Marks.

Without evidence provided by Ilsley to the contrary, Chanel submits it is reasonable to assume that on any given day or during any given sales period, Ilsley may have earned as much as $990.00 in sales revenues through the sale of handbags bearing counterfeits of the Chanel Marks via her internet website, Stopnshoppoutlet.com.[2]  Assuming Ilsley turned her inventory every week during the eighty-nine (89) week time period from the day Stopnshoppoutlet.com was registered, March 26, 2005, See Robert Holmes Decl. ¶ 8 and Exhibit "2" attached thereto, until December 9, 2006, the date Ilsley was served with the Complaint in this matter, Ilsley may have earned at least $88,110.00 in revenues from the sale of counterfeit Chanel merchandise through her website Stopnshoppoutlet.com.  As a Plaintiff, Chanel need only prove Defendants' sales, and it is Defendants' burden to prove any deductions therefrom, including the cost of goods.  15 U.S.C. § 1117(a).  Absent a showing of costs, the Court may assume all sales revenues are profits. Id.

During the time period she was operating Stopnshoppoutlet.com Ilsley was also operating another website, LuvMyReplicaBags.com.[3]  See Robert Holmes Decl. ¶¶ 10-12 and Exhibit "3" attached thereto.  Through LuvMyReplicaBags.com, Ilsley was offering similar quantities of

---

[2] This figure was calculated by averaging daily sales assuming Ilsley sold her entire inventory offered for sale on April 4, 2005, November 11, 2005, and November 29, 2005.

[3] At the time of filing the complaint in this matter Plaintiff was unaware Defendant was also operating the website, LuvMyReplicaBags.com, which was selling and/or offering for sale counterfeit Chanel merchandise. See Robert Holmes Decl. ¶¶ 10-12 and Hahn Decl. ¶¶ 12-15.

goods bearing counterfeits of the Chanel Marks as offered through Stopnshoppoutlet.com. <u>See</u> Composite Exhibit "F," Hahn Decl. ¶¶ 12-15.  By way of example, on December 1, 2005, via her internet website LuvMyReplicaBags.com, Ilsley was offering for sale thirteen (13) different styles of handbags priced between $129.00 and $175.00 each, all bearing counterfeits of the Chanel Marks.  <u>See</u> Composite Exhibit "F."

Without evidence provided by Ilsley to the contrary, Chanel submits it is reasonable to assume that on any given day or during any given sales period, Ilsley may have earned as much as $1,995.00 in sales revenues through the sale of counterfeit handbags bearing counterfeits of the Chanel Marks via her internet website, LuvMyReplicaBags.com.[4]  Assuming Ilsley turned her inventory every week during the twenty-eight (28) week time period from the day LuvMyReplicaBags.com was registered, May 20, 2005, <u>See</u> Robert Holmes Decl. ¶ 11 and Exhibit "3" attached thereto, until December 1, 2005, the last date shown on the printouts of Defendant's website, Ilsley may have earned at least $55.860.00 in revenues from the sale of counterfeit Chanel merchandise through her website LuvMyReplicaBags.com.  Thus, Ilsley's revenues from both website businesses could have been as high as $143,970.00. As a Plaintiff, Chanel need only prove Defendants' sales, and it is Defendants' burden to prove any deductions therefrom, including the cost of goods.  15 U.S.C. § 1117(a).  Absent a showing of costs, the Court may assume all sales revenues are profits. <u>Id</u>.

If the Court were awarding actual damages pursuant to 15 U.S.C. § 1117(a), Ilsley's profits would be an appropriate measure.   Moreover, any such award of profits pursuant to § 1117(a) would be subject to mandatory trebling pursuant to § 1117(b) since Ilsley's conduct was willful and malicious.  Hence, a rough estimate of an actual damage award is approximately

---

[4] This figure was calculated assuming Ilsley sold her entire inventory offered for sale on December 1, 2005.

$431,910.00.  Chanel submits that an equivalent amount would constitute a reasonable statutory damage award pursuant to § 1117(c).

The requested damage amount equates to $61,703.43 per registered mark counterfeited (7) per type of good (1).  The award should be sufficient to deter Ilsley and others from continuing to counterfeit or otherwise infringe Chanel's trademarks, compensate Chanel, and punish Ilsley, all stated goals of 15 U.S.C. § 1117 (c).  See Sara Lee Corp., 36 F. Supp.2d at 165.  The requested award is also at the low end of the allowable statutory damage range.

Plaintiff's damage request is reasonable in light of the large quantity of counterfeit items being offered for sale by Ilsley and the extensive time period she was in business.  While Ilsley has prevented Chanel from obtaining discovery regarding her sales, it is reasonable to assume the number of counterfeit and infringing units offered for sale and sold by Ilsley which were identified during the course of Plaintiff's investigation do not constitute the whole of Ilsley's counterfeiting activities with respect to Chanel's trademarks.  Additionally, it is reasonable to infer Ilsley operated a successful counterfeiting operation based on the sheer number of items listed for sale by her and the fact that Ilsley operated two websites, one of which was operating for at least eighty-nine (89) weeks.  See Composite Exhibit "F" and Robert Holmes Decl. ¶ 8 and Exhibit "2" attached thereto.  Other courts have granted statutory damages under the Lanham Act at a level similar to or greater than Plaintiff's requests herein.  See, e.g., Tommy Hilfiger Licensing, Inc. v. Goody  Family Clothing, Inc., 2003 U.S. Dist. LEXIS 8788 (N.D. Ga. 2003) (awarding $2,100,000.00); Chanel, Inc. v. Diana Prustman et al., Case No. 2:02-cv-34-FtM-29 DNF (M.D. Fla. 2003)(awarding $5,000,000.00); Gucci America, Inc. v. RIN, LLC et al., Case No. 03-21798-civ-COOKE/McAliley (S.D.Fla. 2003)(awarding $2,700,000.00); Chanel, Inc. v. Hugo Rios et al., Case No. CV-03-273-RSWL(PJW) (C.D. Cal. 2003)(awarding $750,000); Sara

Lee Corp., 36 F. Supp.2d at 170 (awarding $750,000.00); Playboy, 1998 U.S. Dist. LEXIS 10359 (awarding $500,000.00). Plaintiff's request is reasonable.

###    D.    Chanel's Damages for Counts II, III, IV and V.

In addition to trademark counterfeiting and infringement (Count I), Chanel's Complaint also set forth causes of action for false designation of origin pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II), trademark dilution pursuant to § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) (Count III), common law trademark infringement (Count IV), and common law unfair competition pursuant to Alabama's common law of unfair competition (Count V). As to Counts II, III, IV, and V the allowed scope of monetary damages mirrors that encompassed in 15 U.S.C. § 1117. Obviously, Chanel is not entitled to double recovery on its claims, so judgment on Counts II, III, IV, and V should be limited to the amount awarded pursuant to Chanel's request above with respect to Count I.

###    E.    Attorney Fees Should be Awarded.

Chanel is entitled to recovery of reasonable attorney fees incurred pursuant to 15 U.S.C. § 1117(b). An award of attorney fees is mandatory upon finding intent and knowledge. See Babbit Electronics, 38 F.3d at 1183. As described above, and admitted by default, Ilsley knowingly infringed and counterfeited Chanel's registered trademarks. Pursuant to 15 U.S.C. § 1117(b), reasonable attorney fees must be awarded when a defendant intentionally uses a mark, knowing such mark is a counterfeit mark. Only if the Court finds extenuating circumstances can the Court limit such recovery. Louis Vuitton S.A. v. Pun Yan Lee, 875 F.2d 584, 588 (7th Cir. 1989). The extenuating circumstance defense is an affirmative defense which should be pled, but, in this case, was not pled by Ilsley. See Louis Vuitton, 875 F.2d at 590.

Chanel's counsel spent approximately 22.3 hours of attorneys' time in this case in connection with investigative oversight and litigation. These hours were reasonable in light of the size and secretive nature of Ilsley's counterfeiting operation. See Downs Decl. ¶ 13 and Gaffigan Decl. ¶ 9. Chanel's counsel charged the rates of $240.00 and $255.00 (Downs) and $300.00 (Gaffigan) per hour for their services. See Downs Decl. ¶ 11 and Gaffigan Decl. ¶ 10. Attorneys' fees incurred in this matter total $6,396.00. See Downs Decl. ¶ 11 and Gaffigan Decl. ¶ 7. These rates are either equal to or less than the prevailing market rates for comparable services in Alabama, where this action was filed. See Downs Decl. ¶ 11 and Gaffigan Decl. ¶ 10. Chanel's counsel made every reasonable effort to minimize hours spent on the case, and the fee requested is equal to or below the amount spent on similar past cases. See Downs Decl. ¶ 12 and Gaffigan Decl. ¶ 8. The fee is also reasonable in light of the extent of Ilsley's conduct. Moreover, the fee is reasonable in light of the fact that the legal services in this case were performed by experienced intellectual property litigators.

As part of an attorneys' fee award, Plaintiff may also recover reasonable investigative fees, as long as the investigator acted under the direction of an attorney. See Fila U.S.A. v. RunRun Trading Co., 1996 U.S. Dist. LEXIS 6893 (S.D.N.Y. 1996); Louis Vuitton S.A., v. Downtown Luggage Center, 706 F. Supp. 839, 842 (S.D. Fla. 1988); see also the Joint Statement on Trademark Counterfeiting Legislation, which expressly provides that to the extent that an investigator acts under the direction of an attorney, however, his or her fees may be recovered by a prevailing plaintiff as part of an award of attorney fees. 130 CONG. REC. H12083 (October 10, 1984). Chanel requests the Court award incurred investigative charges in the total amount of $1,413.00, which were necessary to uncover information regarding Ilsley's illicit activities as well as to identify and inventory the counterfeit goods seized. See Robert Holmes Decl. ¶ 13.

**F.      Costs Should Be Awarded.**

Plaintiff also requests that this Court award costs in the total amount of $425.00.  <u>See</u>

Downs Decl. ¶¶ 15-17.  These costs consist of the following:

| | |
|---|---|
| Filing Fee: | $350.00 |
| Process Server Fee: | $ 75.00 |

## III.    CONCLUSION

For the foregoing reasons, Chanel respectfully requests that the Court:

(1)      Enter Final Default Judgment finding Ilsley liable on all Counts of the Complaint;

(2)      Enter a permanent injunction against Ilsley;

(3)      Award Chanel $215,955.00 in statutory damages against Ilsley pursuant to 15 U.S.C. §

1117(c);

(4)      Award Chanel $6,396.00 in reasonable attorneys' fees;

(5)      Award Chanel $1,413.00 in reasonable investigative fees; and

(6)      Award Chanel costs in the amount of $425.00.

A proposed Order for the Court's consideration is attached hereto as Exhibit I.

Dated this 23rd day of March 2007.

/s/ Helen Kathryn Downs
Helen Kathryn Downs (DOW019)
Attorney for Plaintiff Chanel, Inc.

**JOHNSTON BARTON PROCTOR & ROSE, LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2615
Telephone: (205) 458-9400
Facsimile: (205) 458-9500
E-mail: hkd@johnstonbarton.com

**OF COUNSEL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have mailed a true and correct copy of the foregoing by U.S. mail properly addressed and postage prepaid to the following non-CM/ECF participant on this the 23rd day of March, 2007:

> Ms. Julie Ilsley
> *Pro Se* Defendant
> 114 Boxwood Drive
> Enterprise, Alabama 36330

> /s/ Helen Kathryn Downs
> **OF COUNSEL**

W0592634.DOC

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v.                     . | ) | CASE NO. 06-cv-01035-MEF-SRW |
| | ) | |
| JULIE ILSLEY, d/b/a | ) | |
| STOPNSHOPPOUTLET.COM, *et al,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF HELEN KATHRYN DOWNS IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF AGAINST JULIE ILSLEY d/b/a STOPNSHOPPOUTLET.COM

I, Helen Kathryn Downs, declare upon penalty of perjury under the laws of the United States as follows:

I am one of the attorneys of record for the Plaintiff Chanel, Inc. ("Chanel"), in the above-captioned action and am duly authorized and licensed to practice law before all courts in the State of Alabama. I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts in support of Plaintiff's Motion for Final Default Judgment and Memorandum of Law in Support Thereof against Julie Ilsley d/b/a Stopnshoppoutlet.com ("Ilsley").

1.      I have reviewed the docket of the above-captioned case in the United States District Court, Middle District of Alabama.

2.      On November 17 2006, Chanel filed the Complaint in this action.

3.      On December 9, 2006, a qualified process server served the Summons and Complaint on Ilsley.

4.    A true and correct copy of the Affidavit of Service for Summons and Complaint for Damages and Injunctive Relief served on Ilsley was filed with this Court and is identified as Docket Number 3.

5.    The time within which Ilsley may respond to the Complaint expired on December 29, 2006. To date, Chanel has not been served with any valid response from Ilsley. Chanel has not been served with a motion for enlargement of time within which to respond, nor has the deadline been extended by this Court.

6.    Chanel's remedy is to take a Final Default Judgment against Ilsley.

7.    To my knowledge, Ilsley is not in the military service, an infant, or incompetent.

8.    As of the date of this Declaration, neither Ilsley nor any counsel on her behalf has made an appearance in this action.

**REQUEST FOR ATTORNEY FEES**

9.    I have been admitted to practice for over 13 years.  I have extensive trial experience.  I have been handling trademark matters for over 6 years.

10.    I began working on this action in November 2006, although the matter and investigation were commenced by my co-counsel, Stephen M. Gaffigan, in Florida.

11.    From November 2006 to the present, my firm invoiced Chanel, Inc., a total of 5.3 hours.  Total fees charged to Chanel, Inc., by this firm are $1,296.00.[1]

12.    Some hours in this matter were discounted as a professional courtesy.

-------

[1]    My hourly billing rate at the inception of this case was $240.00.  In January 2007, my hourly rate increased to $255.00 pursuant to customary, annual rate changes implemented by my firm.  These rates are equal to or less than the prevailing rate for comparable legal services in Alabama where this action was filed.

13.     All attorney time incurred in this matter relates to the gathering of information, preparation of documents and pleadings, and other litigation-related legal services.

**REQUEST FOR COSTS**

14.     I am one the attorneys under whose direction costs were incurred in the investigation and prosecution of this action.

15.     To the best of my knowledge and belief, $350.00 in costs were necessarily incurred by my office in this matter for filing fees.

16.     To the best of my knowledge and belief, $75.00 in costs were necessarily incurred by my office in this matter for service of process for Ilsley.

17.     Total costs incurred by Chanel in the prosecution of this action are $425.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT

Dated this the 23rd day of March, 2007.

Helen Kathryn Downs (DOW019)

W0592635.DOC

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

CHANEL, INC., )
a New York Corporation, )
         Plaintiff, )
 )
    vs. )
 )
JULIE ILSLEY, d/b/a )
STOPNSHOPPOUTLET.COM, and )
FICTITIOUS DEFENDANTS 1-10 )
        Defendants. )
 )

CASE NO. 06-cv-01035-MEF-SRW

**DECLARATION OF JASON
HOLMES IN SUPPORT OF
PLAINTIFF'S MOTION FOR FINAL
DEFAULT JUDGMENT AND
MEMORANDUM OF LAW IN
SUPPORT THEREOF AGAINST
JULIE ILSLEY d/b/a
STOPNSHOPPOUTLET.COM**

I, Jason Holmes, declare and state as follows:

1.     My name is Jason Holmes, and I am an employee of The Holmes Detective Agency, a licensed private investigative firm located in Beverly Hills, California.

2.     I am over 18 years of age and have personal knowledge of the facts set forth herein.

3.     In or about April 2005, my firm was retained by Chanel, Inc. ("Chanel") to investigate the suspected sale of counterfeit products by Defendant Julie Ilsley d/b/a Stopnshoppoutlet.com ("Ilsley").

4.     In February 2007, I conducted a search through the Department of Defense Manpower Data Center and determined that Ilsley is not recognized as being currently on active duty military status under the name Julie Ilsley.

I declare the foregoing statements to be true and correct under penalty of perjury under the laws of the United States of America.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 13th day of February 2007.

                    Jason Holmes



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

July 27, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 626,035 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM   May 01, 1956
3rd RENEWAL FOR A TERM OF 10 YEARS FROM   May 01, 2006
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
    CHANEL, INC.
    A NEW YORK CORPORATION

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cl.: 18

Prior U.S. Cl.: 3

United States Patent and Trademark Office

Reg. No. 626,035
Registered May 1, 1956
Renewal Term Begins May 1, 1996

10 Year Renewal

## TRADEMARK
## PRINCIPAL REGISTER

### CHANEL

CHANEL, INC. (NEW YORK CORPORA-
TION)
9 WEST 57TH STREET
NEW YORK, NY 10019, BY ASSIGN-
MENT AND ASSIGNMENT FROM
CHANEL, INC. (NEW YORK CORPO-
RATION) NEW YORK, NY

OWNER OF U.S. REG. NOS. 195,360,
513,132 AND OTHERS.
SEC. 2(F).
FOR: WOMEN'S HANDBAGS, IN
CLASS 3 (INT. CL. 18).
FIRST USE 0-0-1938; IN COMMERCE
11-24-1954.

SER. NO. 71-678,436, FILED 12-16-1954.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Aug. 27, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**626,035**
Registered May 1, 1956

## PRINCIPAL REGISTER
### Trademark

Ser. No. 678,436, filed Dec. 16, 1954

# CHANEL

Chanel, Inc. (New York corporation)
1 W. 57th St.
New York 19, N. Y.

For: WOMEN'S HANDBAGS, in CLASS 3.
First use 1938; in commerce Nov. 24, 1954.
Sec. 2(f).
Owner of Reg. Nos. 513,132, 195,360, and others.



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 23, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,314,511* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *January 15, 1985*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *January 15, 2005*
*SECTION 8 PARTIAL & 15*
*LESS GOODS*
CLASS(ES) CANCELLED:
   *INT CL 016*

SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L.  EDELEN
Certifying Officer

Int. Cls.: 16 and 18

Prior U.S. Cls.: 3 and 37

## United States Patent and Trademark Office

Reg. No. 1,314,511
Registered Jan. 15, 1985

### TRADEMARK
Principal Register



Chanel, Inc. (New York corporation)
9 W. 57th St.
New York, N.Y. 10019

For: ~~NOTEBOOKS AND STATIONERY-TYPE PORTFOLIOS~~, in CLASS 16 (U.S. Cl. 37).
First use Sep. 1981; in commerce Sep. 1981.
For: ~~LEATHER GOODS—NAMELY, HAND-BAGS, WALLETS, TRAVEL BAGS, LUGGAGE, CREDIT CARD AND BUSINESS CARD CASES, MAKE-UP BAGS AND VANITY CASES SOLD EMPTY, BRIEFCASE-TYPE PORTFOLIOS, ATTACHE CASES, CHANGE PURSES, SUIT-~~ ~~CASES, TOTE BAGS, GARMENT BAGS AND TRAVELLERS' SHOE BAGS~~, in CLASS 18 (U.S. Cl. 3).

First use Nov. 24, 1954; in commerce Nov. 24, 1954.

Owner of U.S. Reg. No. 1,075,016.

Ser. No. 356,733, filed Mar. 26, 1982.

FRANCIE R. GOROWITZ, Examining Attorney



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 23, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,347,677* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *July 09, 1985*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM *July 09, 2005*
*SECTION 8 PARTIAL & 15*
*LESS GOODS*
CLASS(ES) CANCELLED:
   *INT CL 016*

SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer

Int. Cls.: 16 and 18

Prior U.S. Cls.: 3 and 37

## United States Patent and Trademark Office

Reg. No. 1,347,677
Registered July 9, 1985

### TRADEMARK
### PRINCIPAL REGISTER

## CHANEL

CHANEL, INC. (NEW YORK CORPORATION)
9 W. 57TH ST.
NEW YORK, NY 10019

FOR: NOTEBOOKS AND STATIONERY TYPE PORTFOLIOS, IN CLASS 16 (U.S. CL. 37).
FIRST USE 9-0-1981; IN COMMERCE 9-0-1981.
FOR: LEATHER GOODS—NAMELY, HAND-BAGS, WALLETS, TRAVEL BAGS, LUGGAGE, BUSINESS AND CREDIT CARD CASES, BRIEF CASE TYPE PORTFOLIOS, ATTACHE CASES, CHANGE PURSES, SUITCASES, TOTE BAGS,

MAKE-UP BAGS AND VANITY CASES SOLD EMPTY, GARMENT BAGS FOR TRAVEL AND TRAVELLERS' SHOE BAGS, IN CLASS 18 (U.S. CL. 3).
FIRST USE 0-0-1938; IN COMMERCE 11-24-1954.
OWNER OF U.S. REG. NO. 626,035.

SER. NO. 356,734, FILED 3-26-1982.

ROBERT PEVERADA, EXAMINING ATTOR-NEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

August 23, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,733,051* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM    *November 17, 1992*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM    *November 17, 2002*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
    *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edele*

L. EDELEN
Certifying Officer



Int. Cl.: 18

Prior U.S. Cl.: 3

**United States Patent and Trademark Office**

Reg. No. 1,733,051
Registered Nov. 17, 1992

### TRADEMARK
### PRINCIPAL REGISTER

### CHANEL

CHANEL, INC. (NEW YORK CORPORATION)
9 WEST 57TH STREET
NEW YORK, NY 10019

FOR: LEATHER GOODS; NAMELY, HAND-BAGS, WALLETS, TRAVEL BAGS, LUGGAGE, BUSINESS AND CREDIT CARD CASES, CHANGE PURSES, TOTE BAGS, COSMETIC BAGS SOLD EMPTY, AND GARMENT BAGS FOR TRAVEL, IN CLASS 18 (U.S. CL. 3).

FIRST USE 0-0-1954; IN COMMERCE 0-0-1954.

OWNER OF U.S. REG. NOS. 626,035, 1,347,677 AND OTHERS.

SER. NO. 74-242,426, FILED 1-31-1992.

KEITH L. HENDERSON, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS, SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

August 25, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,734,822* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *November 24, 1992*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *November 24, 2002*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS
Certifying Officer

Int. Cl.: 18

Prior U.S. Cl.: 3

## United States Patent and Trademark Office

Reg. No. 1,734,822
Registered Nov. 24, 1992

### TRADEMARK
### PRINCIPAL REGISTER



CHANEL, INC. (NEW YORK CORPORATION)
9 WEST 57TH STREET
NEW YORK, NY 10019

FOR: LEATHER GOODS; NAMELY, HAND-BAGS, WALLETS, TRAVEL BAGS, LUGGAGE, BUSINESS CARD CASES, CHANGE PURSES, TOTE BAGS, AND COSMETIC BAGS SOLD EMPTY, IN CLASS 18 (U.S. CL. 3).

FIRST USE 0–0–1954; IN COMMERCE 0–0–1954.

OWNER OF U.S. REG. NOS. 1,293,298, 1,314,511 AND OTHERS.

SER. NO. 74–242,471, FILED 1–31–1992.

KEITH L. HENDERSON, EXAMINING ATTOR-NEY

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

July 27, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 3,022,708 IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF 10 YEARS FROM   December 06, 2005
SAID RECORDS SHOW TITLE TO BE IN:   Registrant

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer

Int. Cls.: 6, 9, 18, 25 and 28

Prior U.S. Cls.: 1, 2, 3, 12, 13, 14, 21, 22, 23, 25, 26, 36, 38, 39, 41 and 50

## United States Patent and Trademark Office

Reg. No. 3,022,708
Registered Dec. 6, 2005

### TRADEMARK
### PRINCIPAL REGISTER



CHANEL, INC. (NEW YORK CORPORATION)
9 WEST 57TH STREET
NEW YORK, NY 10019

FOR: KEY CHAINS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 9-1-2004; IN COMMERCE 9-1-2004.

FOR: SKI GOGGLES, SUNGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 7-1-2004; IN COMMERCE 7-1-2004.

FOR: LUGGAGE, HANDBAGS, TOTES, BACK-PACKS, TRAVEL BAGS, ALL-PURPOSE CARRY-ING BAGS, UMBRELLAS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 7-1-2003; IN COMMERCE 7-1-2003.

FOR: BOOTS, COATS, JACKETS, GLOVES, HATS, PANTS, SANDALS, SCARVES, SHIRTS, SHOES, SKI BOOTS, SUN VISORS, SUSPENDERS, SWEAT-BANDS, SWIMWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-1-2003; IN COMMERCE 7-1-2003.

FOR: BAGS SPECIALLY ADOPTED FOR SPORTS EQUIPMENT, BASKETBALLS, KITES, SKIS, SKI POLLS, TENNIS RACKETS, TENNIS BALLS, TEN-NIS RACKET COVERS, GOLF CLUBS, GOLF BAGS, SNOW BOARDS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 7-1-2003; IN COMMERCE 7-1-2003.

OWNER OF U.S. REG. NOS. 195,359, 1,734,822 AND OTHERS.

THE MARK IS COMPROMISED OF INTERLOCK-ING C'S SURROUNDED BY A SQUARE

SER. NO. 76-615,088, FILED 10-8-2004.

KIMBERLY PERRY, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > **Trademark Electronic Search System(Tess)**

*TESS was last updated on Tue Jun 27 04:19:33 EDT 2006*

`TESS HOME`  `NEW USER`  `STRUCTURED`  `FREE FORM`  `Browse Dict`  `SEARCH OG`  `BOTTOM`  `HELP`

`Logout` Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

`TARR Status`  `ASSIGN Status`  `TDR`  `TTAB Status` *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CC |
| **Goods and Services** | IC 018. US 001 002 003 022 041. G & S: Handbags. FIRST USE: 20040601. FIRST USE IN COMMERCE: 20040601 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.01.03 - Circles, incomplete (more than semi-circles); Incomplete circles (more than semi-circles)<br>26.01.16 - Circles touching or intersecting<br>27.03.01 - Geometric figures forming letters or numerals |
| **Serial Number** | 76615089 |
| **Filing Date** | October 8, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 20, 2005 |
| **Registration Number** | 3025934 |
| **Registration Date** | December 13, 2005 |
| **Owner** | (REGISTRANT) Chanel, Inc. CORPORATION NEW YORK 9 West 57th Street New York NEW YORK 10019 |
| **Attorney of Record** | Veronica L. Hrdy |
| **Prior Registrations** | 0195359;1734822;AND OTHERS |
| **Description of Mark** | This mark is a three-quarter view of the Chanel CC monogram which is comprised of interlocking C's. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York Corporation, | ) ) ) | CASE NO. 06-cv-01035-MEF-SRW |
| Plaintiff, | ) ) | |
| vs. | ) ) | DECLARATION OF ADRIENNE<br>HAHN SISBARRO IN SUPPORT OF<br>PLAINTIFF'S MOTION FOR FINAL |
| JULIE ILSLEY, d/b/a<br>STOPNSHOPPOUTLET.COM, and<br>FICTITIOUS DEFENDANTS 1-10 | ) ) ) ) | DEFAULT JUDGMENT AND<br>MEMORANDUM OF LAW IN<br>SUPPORT THEREOF AGAINST<br>JULIE ILSLEY d/b/a |
| Defendants. | ) ) ) | STOPNSHOPPOUTLET.COM |

I, Adrienne Hahn Sisbarro, declare upon penalty of perjury under the laws of the United States as follows:

1.      I am over 18 years of age and personally knowledgeable of the matters set forth in this Declaration. If called upon to do so, I could and would competently testify as to the following facts in support of Plaintiff's Motion for Final Default Judgment and Memorandum of Law in Support Thereof against Julie Ilsley d/b/a Stopnshoppoutlet.com ("Ilsley").

2.      I am employed by Chanel, Inc. ("Chanel") as Director, Legal Administration. I have been so employed since 1988.

3.      In my capacity as Chanel's Director, Legal Administration, I am responsible, in part, for Chanel's trademark and anti-counterfeiting efforts in the United States. As a result, I am fully familiar with most aspects of the manufacture, sale and distribution of genuine Chanel products, including handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, and

attache cases, and I have been trained to identify the distinctions between genuine Chanel merchandise and counterfeit copies of the same.

4.    Since the 1920's, Chanel has been engaged in the promotion, distribution and sale in interstate commerce of high quality handbags and various other items under the Chanel trademarks.

5.    Chanel is, and at all times relevant hereto has been, owner of the following federally registered trademarks:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| CHANEL | 0,626,035 | May 1, 1956 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 19, 1992 |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |

which are registered in International Class 18 and used in connection with the manufacture and distribution of high quality, handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, attache cases, and various other items (the "Chanel Marks").

6.    Chanel products are marketed and sold at Chanel boutiques throughout the United States, at high quality prestige retail stores, and via the Internet. During the more than 70 years Chanel has sold its products in interstate commerce under the Chanel Marks, Chanel has spent hundreds of millions of dollars to extensively advertise and promote its goods. In the last five

years, Chanel's U.S. sales of high quality handbags and other goods have been well into many millions of dollars.

7.      As a result of the foregoing, the Chanel Marks have acquired fame in the United States consumer market for a wide variety of products, including high quality handbags and other items.  The Chanel Marks have come to symbolize the enormous goodwill of Chanel's products throughout the United States and the world.  No other manufacturer uses the Chanel Marks or any substantially similar marks.

8.      The Chanel Marks are vital to Chanel's business, as they represent virtually the entire value of the company and its associated image.  Chanel suffers irreparable harm to its goodwill, as well as a direct monetary loss, any time any third party, including Ilsley, sells counterfeit goods bearing identical or substantially similar trademarks.

9.      Chanel received information Ilsley was selling handbags and other goods under the Chanel Marks, without Chanel's authorization, through her Internet websites, namely Stopnshoppoutlet.com and LuvMyReplicaBags.com.  Ilsley does not have the right, nor has she ever had the right, or authority to use the Chanel Marks for any purpose.

10.     In or about April 2005, as part of its ongoing investigations regarding the sale of counterfeit "replica" Chanel products, Chanel retained Robert Holmes of The Holmes Detective Agency to investigate Ilsley.  Mr. Holmes purchased a handbag from Ilsley through her website, Stopnshoppoutlet.com, for $82.00, including shipping. On or about June 27, 2005, Mr. Holmes received the handbag bearing the Chanel Marks at issue in this action and delivered the same to Chanel.  True and correct photographs of the handbag purchased by Mr. Holmes from Stopnshoppoutlet.com, together with the chain of custody, are attached as Composite Exhibit "1" to the Declaration of Robert Holmes.

11.    I personally analyzed the handbag purchased from Ilsley through Stopnshoppoutlet.com, and determined it to be a non-genuine Chanel product.   My analysis included review of the workmanship and materials of the handbag, the labeling used on the handbag, the quality of the leather and hardware, and the overall quality of the handbag itself.

12.    In or about December 2005, Mr. Holmes was instructed to purchase another handbag from Ilsley through her website, LuvMyReplicaBags.com. Mr. Holmes placed an order for two handbags from LuvMyReplicaBags.com for $281.00, including shipping however he never received the merchandise.

13.    In or about December, 2005, I conducted my own review of the items offered for sale by Ilsley through her website, LuvMyReplicaBags.com.  I found several handbags bearing one or more of the Chanel Marks.  A true and correct copy of the printout of the Defendant's websites showing the products bearing the Chanel Marks offered for sale by the Defendant is attached as Composite Exhibit "E" to Plaintiffs' Motion for Final Default Judgment.

14.    I personally reviewed the products bearing the various Chanel Marks offered for sale by Ilsley through her website, LuvMyReplicaBags.com, and concluded they were non-genuine Chanel products.  I reached this conclusion through my visual inspection of the products and the pricing and because I personally know that Chanel does not conduct business with Ilsley or LuvMyReplicaBags.com, and Ilsley and LuvMyReplicaBags.com do not have the right or authority to use the Chanel Marks.

15.    In view of the foregoing, Chanel can confirm that the handbags sold by Ilsley to Chanel's private investigator, Robert Holmes, under the Chanel Marks, were non-genuine counterfeit products, and are of inferior quality to genuine Chanel products. Chanel can also

confirm that the handbags bearing the Chanel Marks offered for sale by Ilsley through her website, LuvMyReplicaBags.com, were non-genuine counterfeit products.

16.     As a result of the availability of counterfeit products being offered by Ilsley, Chanel is highly likely to experience irreparable damage to its reputation among consumers unless the infringing activity alleged in the Complaint is stopped.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Executed this 16th day of February, 2007.

Adrienne Hahn Sisbarro

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

CHANEL, INC.,                                         )
a New York Corporation,                              )          CASE NO. 06-cv-01035-MEF-SRW
                                                     )
             Plaintiff,                              )
                                                     )          **DECLARATION OF ROBERT**
             vs.                                     )          **HOLMES IN SUPPORT OF**
                                                     )          **PLAINTIFF'S MOTION FOR FINAL**
JULIE ILSLEY, d/b/a                                  )          **DEFAULT JUDGMENT AND**
STOPNSHOPPOUTLET.COM, and                            )          **MEMORANDUM OF LAW IN**
FICTITIOUS DEFENDANTS 1-10                           )          **SUPPORT THEREOF AGAINST**
                                                     )          **JULIE ILSLEY d/b/a**
             Defendants.                             )          **STOPNSHOPPOUTLET.COM**
                                                     )
_____ )

1.       My name is Robert Holmes, and I am an officer of The Holmes Detective

Agency, a licensed private investigative firm located in Beverly Hills, California.

2.       I am over 18 years of age and have personal knowledge of the facts set forth

herein. If called upon to do so, I could and would competently testify as to the following facts in

support of Plaintiff's Motion for Final Default Judgment and Memorandum of Law in Support

Thereof against Julie Ilsley d/b/a Stopnshoppoutlet.com ("Ilsley").

3.       In or about April 2005, my firm was retained by Chanel, Inc. ("Chanel") to

investigate the suspected sale of counterfeit Chanel products by Ilsley.

4.       In April 2005, I purchased a handbag bearing the Chanel Marks from

Stopnshoppoutlet.com. I paid $82.00 for the handbag, including shipping.

5.       I paid for the handbag via debit/credit card, and the payee information provided

was "STOP N SHOPP 803-560-3981 OR US"

1

6.     On June 27, 2005, I received the handbag purchased from Ilsley. The return address listed STOPNSHOPP, 114 Boxwood Drive, Enterprise, Alabama 36330, as the shipper. A true and correct photograph of the handbag I purchased from Ilsley together with the chain of custody and a copy of the outer package is attached hereto as Composite Exhibit "1."

7.     Through my investigation, I identified Julie Ilsley, 114 Boxwood Drive, Enterprise, Alabama 36330, as the individual who owns and operates the website Stopnshoppoutlet.com. I was able to identify Ms. Ilsley by contacting her directly through the various phone number associated with the website Stopnshoppoutlet.com. My first contact with Ms. Ilsley was by calling the telephone number originally listed on the website. I also made contact with her by calling the telephone number listed for the registrant contact and administrative contact in the domain name registration record. The domain name registration record was obtained by conducting a Whois search of the domain name Stopnshoppoutlet.com through NetworkSolutions.com. A true and correct copy of the NetworkSolutions.com domain name search printout is attached as Exhibit "2." These telephone numbers are no longer working. The most recent contact I had with Ms. Ilsley was by calling (334) 347-9001, which is the new telephone number listed on the website Stopnshoppoutlet.com. I investigated the telephone number and determined it to be listed under the name "Julie Ilsley" and the telephone number is associated with the address 114 Boxwood Drive, Enterprise, Alabama 36330, which is also the return address listed on the outer packaging of the handbag delivered to me by Stopnshoppoutlet.com.

8.     On or April 4, 2005, I conducted a domain name search of "Stopnshoppoutlet.com" through NetworkSolutions.com, and determined that the domain name was created on March 26, 2005.  See Exhibit "2" attached hereto.

2

9.     The handbag I purchased from Ilsley was sent to Chanel for authentication. Chanel's representative confirmed the handbag purchased from Ilsley was counterfeit.

10.    In or about December 2005, I again made contact Ilsley through her Internet website, LuvMyReplicabags.com. On December 14, 2005, I placed an order for the purchase of two handbags bearing the Chanel Marks via LuvMyReplicabags.com and made payment via debit/credit card in the total amount of $281.00, including shipping. The payee information provided was STOP N SHOPP MCMINNVILLE OR. I never received the handbags, and despite numerous attempts to communicate with Ilsley, I never received a refund or an explanation.

11.    On or March 16, 2006, I conducted a domain name search of "LuvMyReplicabags.com" through Whois.sc and determined that the domain name was created on May 20, 2005. See Exhibit "3" attached hereto.

12.    Through my investigation, I identified Julie E. Flohr a/k/a Julie Noble a/k/a Julie Isley at 114 Boxwood Drive, Enterprise, Alabama 36330, as the individual who owns and operates the website LuvMyReplicabags.com. During the course of communication we received a telephone call from the number (334) 393-8319, which we determined belonged to Someplace Else, a business located in Enterprise, Alabama, where Ilsley works. I also traced the individual's email account, through which we had exchanged emails during my purchase from LuvMyReplicabags.com, and determined that the account was via Adelphia Communications, in Enterprise, Alabama.

13.    Since my firm's retention by Chanel on this matter, my firm has billed Chanel, and been paid, a total of $1413.00 for investigator fees and buy money to investigate Ilsley's counterfeiting activities.

3

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this __19__ day of February 2007.

_____
Robert Holmes

Exhibit 1



The **Holmes**
Detective Agency

# INTERNET PURCHASE SUMMARY
## EVIDENCE #20050160

CASE NAME: **stopnshoppoutlet.com**

CONTACTED: **stopnshopp**

PHONE: **(503) 560-3981**

EMAIL: **stopnshoppoutlet@hotmail.com**

WEBSITE: **http://www.stopnshoppoutlet.c**

ITEM #: -

USER NAME/ALIAS: -

CONTACT METHOD: **website**

OUR CASE #: **CH03738**

DATE: **6/27/2005**

INVESTIGATOR: **TK**

*7/5/05*

| # | DESCRIPTION OF EVIDENCE | $ PER UNIT | TOTAL |
|---|---|---|---|
| 1 | **Chanel handbag (pink)** | **$69.00** | **$69.00** |
| | | | |

| | | |
|---|---|---|
| TAX | **$0.00** |
| SHIPPING | **$13.00** |
| TOTAL | **$82.00** |

METHOD OF PAYMENT: **debit/credit card**

EVIDENCE RECEIVED VIA: **US Mail**

TRACKING #: **9101 0385 55 4 9381 7823 32**

PAYEE INFO: **STOP N SHOPP 503-560-3981 OR US**

RETURN ADDRESS: **STOPNSHOPP, 114 BOXWOOD DR., ENTERPRISE AL 36330**

**The merchandise was shipped to our Denver mailbox service, and then forwarded to us unopened and received in our office on 6/27/2005.**

ADDITIONAL INFO: -

I HAVE MARKED THE EVIDENCE WITH THE DATE, IDENTIFYING # AND MY INITIALS: _____

© The Holmes Detective Agency 2004



 
The Holmes
Detective Agency

# CHAIN OF CUSTODY FORM
## EVIDENCE #20050160

CASE NAME: **stopnshoppoutlet.com**

CASE #: **CH03738**

COLLECTED FROM: **stopnshopp**

COLLECTED BY: **TK**

COLLECTION METHOD: **Internet Buy**

DESCRIPTION OF EVIDENCE: **(1) Chanel handbag (pink)**

## TRANSFER HISTORY

| RECEIVED BY | DATE | SIGNATURE | TRANSFERRED TO | DATE |
|---|---|---|---|---|
| T. Kelvin | 6/27/2005 | | Oka via UPS | 6/30/2005 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

© The Holmes Detective Agency 2004

Exhibit 2

**NetworkSolutions**®    `FREE OFFERS`    WHOIS    VIEW ORDER    CUSTOMER SERVICE    `ACCOUNT MANAG`

| | HOME | REGISTER A DOMAIN | HOST YOUR WEB SITE | CREATE A WEB SITE | BUY E-MAIL | PROMOTE YOUR SITE | GROW YOUR BUSINESS | TRANSFER YOUR DOMAIN |
|---|---|---|---|---|---|---|---|---|

**Run your own server**
from a dynamic IP internet connection    `FIND OUT`

## WHOIS SEARCH RESULTS

**WHOIS RECORD FOR**

### stopnshoppoutlet.com

Certified Offer Service - Make an offer on this domain
Backorder - Try to get this name when it becomes available
Similar Names - See suggested alternatives for this domain

Registration Service Provided By: EZOT, Inc.
Contact: dns@ezot.com
Visit:

Domain name: STOPNSHOPPOUTLET.COM

Registrant Contact:
  stopnshopp
  JOHN SMITH (STOPNSHOPPOUTLET@HOTMAIL.COM)
  +1.5034350002
  Fax:
  235  w 8th st
  mcminnville, or 97128
  US

Administrative Contact:
  stopnshopp
  JOHN SMITH (STOPNSHOPPOUTLET@HOTMAIL.COM)
  +1.5034350002
  Fax:
  235  w 8th st
  mcminnville, or 97128
  US

Billing Contact:
  EZOT, Inc.
  DNS Administrator (dns@ezot.com)
  +1.7138626427
  Fax: +1.7138626427
  PMB 239
  9597 Jones Road
  Houston, 77064
  US

Technical Contact:
  EZOT, Inc.
  DNS Administrator (dns@ezot.com)
  +1.7138626427
  Fax: +1.7138626427
  PMB 239
  9597 Jones Road
  Houston, 77064
  US

**BUY THE AVAILABLE EXT**
**FOR THIS DOMAIN NAM**

stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...
stopnshoppou...

`C`

**SEARCH AGAIN**

**Enter a search term:**

e.g. networksolutions.c

**Search by:**

● Domain Name
○ NIC Handle
○ IP Address

`SEAR`

**RELATED CATEGORIES**

electrical outlet
retail store
retail
retailing

department store

barcode scanner
discount store
department stores
retail businesses
discount stores

Status: Locked

Name Servers:
  dns.bizsiteservice.com
  dns2.bizsiteservice.com

Creation date: 26 Mar 2005 02:52:17
Expiration date: 26 Mar 2006 02:52:17

The data in this whois database is provided to you for information
purposes only, that is, to assist you in obtaining information about or
related to a domain name registration record. We make this information
available "as is," and do not guarantee its accuracy. By submitting a
whois query, you agree that you will use this data only for lawful
purposes and that, under no circumstances will you use this data to: (1)
enable high volume, automated, electronic processes that stress or load
this whois database system providing you this information; or (2) allow,
enable, or otherwise support the transmission of mass unsolicited,
commercial advertising or solicitations via direct mail, electronic
mail, or by telephone. The compilation, repackaging, dissemination or
other use of this data is expressly prohibited without prior written
consent from us. The registrar of record is eNom. We reserve the right
to modify these terms at any time. By submitting this query, you agree
to abide by these terms.
Version 6.3 4/3/2002

POPULAR CATEGORIES

**Travel**
Car Rental
Hotels
Airline

**Financial Planning**
Debt
Credit Cards
Loans

**Business and Finance**
Affiliate Program
Student Loans
Stocks

Name you wa
already tak

Make a Certified

The previous information has been obtained either directly from the registrant or
a registrar of the domain name other than Network Solutions. Network Solutions,
therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record

| | |
|---|---|
| **Current Registrar:** | ENOM, INC. |
| **IP Address:** | 69.7.164.168 (ARIN & RIPE IP search) |
| **IP Location:** | US(UNITED STATES)-TEXAS-HOUSTON |
| **Lock Status:** | REGISTRAR-LOCK |
| **DMOZ** | no listings |
| **Y! Directory:** | see listings |
| **Data as of:** | 08-Jun-2004 |

When you register a domain name, current policies require that the contact information for your domain name registrati
included in a public database known as WHOIS. To learn about actions you can take to protect your WHOIS information
www.internetprivacyadvocate.org.

NOTICE AND TERMS OF USE: You are not authorized to access or query our WHOIS database through the use of high-vo
automated, electronic processes or for the purpose or purposes of using the data in any manner that violates these term
The Data in Network Solutions' WHOIS database is provided by Network Solutions for information purposes only, and to
persons in obtaining information about or related to a domain name registration record. Network Solutions does not gua
accuracy. By submitting a WHOIS query, you agree to abide by the following terms of use: You agree that you may use
only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise supp
transmission of mass unsolicited, commercial advertising or solicitations via direct mail, e-mail, telephone, or facsimile;
enable high volume, automated, electronic processes that apply to Network Solutions (or its computer systems). The co
repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of Network
You agree not to use high-volume, automated, electronic processes to access or query the WHOIS database. Network So

Exhibit 3

## LUVMYREPLICABAGS.COM

| | |
|---|---|
| **SSL Cert:** | secure15.bizsiteservice.com expires in 48 days renew now |
| **Alexa Trend/Rank:** | Not Ranked |
| **Website Status:** | Active |
| **Reverse IP:** | Web server hosts 6015 websites (reverse ip tool requires free login) |
| **Server Type:** | e/3 |
| **IP Address:** | 69.7.164.168 (ARIN & RIPE IP search) |
| **IP Location:** | ▦ - Texas - Houston - Ezot Inc |
| **Blacklist Status:** | Clear |
| **Record Type:** | Domain Name |
| **Monitor:** | Monitor or Backorder |
| **Wildcard search:** | 'luvmyreplicabags' or 'lu my replica bags' in all domains. |
| **Other TLDs:** | .com .net .org .info .biz .us<br>X  ▢  ▢  ▢  ▢  ▢  [5 available domains] |
| **Name Server:** | DNS.BIZSITESERVICE.COM DNS2.BIZSITESERVICE.COM |
| **ICANN Registrar:** | ENOM, INC. |
| **Created:** | 20-may-2005 |
| **Expires:** | 20-may-2006 |
| **Status:** | REGISTRAR-LOCK |

Registration Service Provided By: EZOT, Inc.
Contact: dns@ezot.com

Domain name: luvmyreplicabags.com

Registrant Contact:
   luvmyreplicabags
   luvmyreplicabags bags ( luvmyreplicabags@hotmail.com )

   +1.5034721119
   Fax:
   1940 baker st
   mcminnville, or 97128
   US

Administrative Contact:
   luvmyreplicabags
   luvmyreplicabags bags ( luvmyreplicabags@hotmail.com )

   +1.5034721119
   Fax:
   1940 baker st
   mcminnville, or 97128
   US

Technical Contact:
  EZOT, Inc.
  DNS Administrator ( dns@ezot.com )

  +1.8322379991
  Fax: +1.8322379996
  PMB 239
  9597 Jones Road
  Houston, TX 77064
  US

Status: Locked

Name Servers:
  dns.bizsiteservice.com
  dns2.bizsiteservice.com

Creation date: 20 May 2005 03:19:24
Expiration date: 20 May 2006 03:19:24



PRODUCTS

OUT OF COUNTRY SHIPPING

FAQ

SERVICES

TESTIMONIALS

CONTACT

Free Shipping on all orders over $125.00. Just put free in coupon box when checking out MON-FRI 10AM to 6pm Pacific time.





**Chanel Pocket White**
**Price:** $99.00
ADD TO CART



**Chanel Strap Bag Pm Black**
**Price:** $95.00
ADD TO CART

**Chanel Strap Bag Pm Pink**
**Price:** $95.00
ADD TO CART

**Chanel Strap Bag Gm Pink**
**Price:** $95.00
ADD TO CART







**Chanel Cabas Blk**
**Price:** $95.00
ADD TO CART



**Chanel Pouch pink**
**Price:** $89.00
ADD TO CART



**Chanel Pouch Blk**
**Price:** $89.00
ADD TO CART



**Chanel Belt handle Blk**
**Price:** $79.00
ADD TO CART

Louis vuitton replicas, knockoff handbags, knockoff purses, designer knockoff handbags - Chanel



**Chanel White Reporter Bag**
**Price:** $110.00

ADD TO CART



**Chanel Pink Reporter Bag**
**Price:** $110.00

ADD TO CART



Site Mailing List



**stopnshoppoutlet**

Phone: 503-560-3981
Email: stopnshoppoutlet@hotmail.com

Powered by NetIDNow
**WebStudio Website Builder**





Cart  Em

## Contact Us

M - F 10 AM to 6 PM Pacific Time
Email: stopnshoppoutlet@hotmail.com
(503) 560-3981

If you have questions, or would like more information, please leave your name and contact information.

| | |
|---|---|
| **First Name:** | |
| **Last Name:** | |
| **Email Address:** | |
| **Address:** | |
| **City:** | |
| **State:** | |
| **Zip Code:** | |
| **Comments:** | |

Submit

Site Mailing List



**stopnshoppoutlet**

Phone: 503-560-3981
Email: stopnshoppoutlet@hotmail.com

Powered by NetIDNow
**WebStudio Website Builder**







**testimonials**

We update this page every week so if you have somthing to share with our customers please send your feedback and we will post it here so others can see How your shoppin experience you had with us turned out. Have a great day.

Great Bags and super fast shipping. Thankyou for the prompt shipping will be a loyal customer! Lisa,Montana

Thank you jim, I got my order yesterday and I love my new bag. Sarah,Florida

Just wanted to say thank you for all your help and putting up with all my questions. I received my order today and cant wait to show them off. They look great. Talk to you Again real soon. Victoria Atlanta

When I first came to your site i was a little Sceptical, But now that I received my bags I`m so glad Ordered with you Guys. Please keep me updated with all your new products when they come in. Laureen. NY

O.K Two things. First I want to say thank you to your customer service for all there help they gave in trying to decide on what bag would be best for me. Second When I received my bag and wallet th looked better then any other replica I have seen and I will be back shopping with your company. I was a Truly Enjoyable experience. Tonya , Texas

Wow!! Got my Bags today. I`m Blown away. You guys are great. I told all my girl friends and they shop with you as well. shelly. California

Cant belive how well made your bags are. I bought two of the same bags from another site and the Fell apart with in a week, Just wanted to say thank you for the great customer service and I will be buying from you guys for now on. God Bless and much success. Lizzy,west Virginia

You told me I would not be able to tell the difference and you are right. I took my bag over to my sisters and she is so pissed she spent all that money on the original. "Thank you" Thank you
Hot mama   Arizona

Site Mailing List



**stopnshoppoutlet**

Phone: 503-560-3981
Email: stopnshoppoutlet@hotmail.com

Powered by NetIDNow
**WebStudio Website Builder**

Case 1:06-cv-01035-MEF-SRW    Document 4-7    Filed 03/23/2007    Page 8 of 16







shipping & Billing

# ALL OF OUR ITEMS SHIP OUT WITHIN 7-10 (business) DAYS!

DELAYS CAN OCCUR AT TIMES WHEN INVENTORY IS BEING REPLENISHED, OR DURING PERIODS OF LARGE ORDERS BEING RECIEVED AS GET CLOSER TO THE HOLIDAY SEASON. THANK YOU IN ADVANCE!

## Returns & Exchanges

We want to ensure that your shopping experience is a pleasurable one. If you are not satisfied with your purchase we will gladly accept your exchar If you should decide to exchange your item please e-mail us in advance for authorization. We will accept the return package for exchange within 10 days from the date it was delivered. Merchandise received after ten days of delivery will void the process of your request and will be returned to sender. We cannot accept exchanges of the following items, including:

- Any item returned after 10 days of delivery.
- Any item that is not in its original condition including tags, wrappers, dust covers, etc.
- Wholesale orders
- 
- 

## Refunds

Because we are a outlet store we do not do refunds! All sales are final. The only exception is damaged items due to shipping. All products are checked over for quality before shipping. We insure all our items so you must let us know by e-mail or calling on the day you receive your package if there are any problems. All products are new and never been used. No flaws or defects.

## Exchanges

Tell us  which item you would like to exchange for. We will place that item on hold for you until we receive your merchandise. Once we receive your merchandise along with a money order for $15.00 to cover return shipping and handling of the new item, we will ship your new item to you. We also recommend Insurance and Tracking on all returns.

Site Mailing List



**stopnshoppoutlet**

Phone: 503-560-3981
Email: stopnshoppoutlet@hotmail.com

Powered by NetIDNow
**WebStudio Website Builder**

Back to Top

### Are there different grades of replicas?
Yes! There are different grades of bags. Triple AAA bags are the best quality available in replicas. These are the ONLY types we sell.
Back to Top

### What is your return policy?
Our return/ Exchange policy is written in detail under services on our site
Back to Top

### Do you sell wholesale?
Yes, on orders of 10 Handbags or more only. No Exceptions. No other promotions apply to wholesa orders.
Back to Top

Site Mailing List



**stopnshoppoutlet**

Phone: 503-560-3981
Email: stopnshoppoutlet@hotmail.com

Powered by NetIDNow
**WebStudio Website Builder**







### Out of country shipping

Yes we ship out of the country! Please note that you must select a shipping charge located at the bottom of the product page marked out of country shipping. If you are not sure what you should pay for shipping please e-mail us and let us know what items you would like and we will give you a price quote on shipping charges. Thank you for shopping with us and have a great day.

Shipping Dept

Site Mailing List



**stopnshoppoutlet**

Phone: 503-560-3981
Email: stopnshoppoutlet@hotmail.com

Powered by NetIDNow
**WebStudio Website Builder**





**PRODUCTS**

OUT OF COUNTRY SHIPPING
MONOGRAMITY
MURAKAMI BLACK
MURAKAMI
JEWELRY
**CHANEL**
COACH
BURBERRY
PRADA
DIOR
NEWLY HYBRID CHERRY

**OUT OF COUNTRY SHIPPING**

**FAQ**

**SERVICES**

**TESTIMONIALS**

**CONTACT**



**Chanel Pink Braid Cabas**
Price: $95.00
NEW ARRIVAL
ADD TO CART



**Chanel White BraidTote**
Price: $89.00
NEW ARRIVAL
ADD TO CART





**Chanel Pink Reporter Bag**
Price: $85.00
ADD TO CART



**Chanel Blk Reporter Bag**
Price: $89.00
ADD TO CART



**Chanel Strap Bag Pm**

**Chanel Strap Bag**



**Black**
Price: $85.00
ADD TO CART



**Pm White**
Price: $89.00
ADD TO CART





**Chanel Strap Bag Gm Pink**
Price: $85.00
ADD TO CART

**IN STOCK NOW!!!!!**



**Chanel Strap Bag Gm white& Blk**
Price: $79.00
ADD TO CART

OUT OF STOCK





**Chanel Pouch pink**
Price: $69.00
ADD TO CART



**Chanel Pouch White**
Price: $69.00
ADD TO CART

**OUT OF STOCK**





**Chanel Belt handle Blk**
**Price:** $75.00
ADD TO CART



**Chanel Belt handle Pink**
**Price:** $75.00
ADD TO CART





**Chanel Record Pink**
**Reg. Price:** $95.00
**Sale Price: $89.00**
**Save:** $6.00
ADD TO CART



**Chanel Record White**
**Reg. Price:** $95.00
**Sale Price: $89.00**
**Save:** $6.00
ADD TO CART

Site Mailing List



**stopnshoppoutlet**

Email: stopnshoppoutlet@hotmail.com

Louis vuitton replicas, knockoff handbags, knockoff purses, designer knockoff handbags - Chanel





PRODUCTS

OUT OF COUNTRY SHIPPING

FAQ

SERVICES

TESTIMONIALS

CONTACT

CHANEL



**Chanel White Reporter Bag**
Price: $99.00
ADD TO CART



**Chanel Blk Reporter Bag**
Price: $99.00
ADD TO CART



**Chanel Str.. Pm Black**
Price: $85.0
ADD TO CART



**Chanel Strap Bag Pm White**
Price: $89.00
ADD TO CART



**Chanel Strap Bag Gm Pink**
Price: $85.00
ADD TO CART

**IN STOCK NOW!!!!!**



**Chanel Po..**
Price: $69.0
ADD TO CART

Chanel Pouch Blk

Chanel Belt

Ch..



**Price:** $69.00

ADD TO CART



**handle Blk**
**Price:** $75.00

ADD TO CART



**ha**
**Pri**

AD



**Chanel Pink Reporter**
**Price:** $99.00

ADD TO CART


back

Site Mailing List


CLICK HERE to email this site!

**stopnshoppoutlet**

Email: stopnshoppoutlet@hotmail.com

### THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA,
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York Corporation, | ) ) ) | CASE NO. 06-cv-01035-MEF-SRW |
| Plaintiff, | ) ) | |
| vs. | ) ) | **DECLARATION OF LYNNETTE OKA IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF AGAINST JULIE ILSLEY d/b/a STOPNSHOPPOUTLET.COM** |
| JULIE ILSLEY, d/b/a<br>STOPNSHOPPOUTLET.COM, and<br>FICTITIOUS DEFENDANTS 1-10 | ) ) ) ) | |
| Defendants. | ) ) ) | |

1.     My name is Lynnette Oka, and I am employed by Chanel, Inc.'s ("Chanel") related company The Chanel Company Limited, Inc. ("TCCL") as Director, Internet Administration and Enforcement. I have been so employed since 2000.

2.     I am over 18 years of age and have personal knowledge of the facts set forth herein.

3.     In my capacity as TCCL's Director, Internet Administration and Enforcement, I am responsible, in part, for Chanel's trademark anti-counterfeiting efforts in the United States particularly as they relate to Internet enforcement. As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine Chanel products, including handbags.

4.     Prior to filing suit, Chanel received information that the Defendant was selling handbags and various other items under the Chanel Marks at issue in this action without Chanel's authorization through her website Stopnshoppoutlet.com. The Defendant does not have, nor has she ever had, the right or authority to use the Chanel Marks for any purpose.

5.     In or about April, 2005, as part of its ongoing investigations regarding the sale of counterfeit "replica" Chanel products, Chanel retained Robert Holmes of The Holmes Detective Agency, a licensed private investigator.  Upon Chanel's instruction, The Holmes Detective Agency purchased a handbag bearing the Chanel Marks from Defendant, for $82.00, including shipping.  On or about June 27, 2005, The Holmes Detective Agency received the handbag and delivered the same to Chanel.

6.     A representative of Chanel, Adrienne Hahn Sisbarro, personally inspected and analyzed the handbag purchased from the Defendant and determined it to be a non-genuine Chanel product.  A true and correct photograph of the handbag that Ms. Sisbarro inspected is attached to the Declaration of Robert Holmes as Exhibit "1."

7.     On September 16, 2005, I sent a cease and desist letter on behalf of Chanel to the Defendant via Certified Mail and Email, requesting that she, among other things, cease all sales of products bearing counterfeit Chanel Marks.  I did not receive a response.  A true and correct copy of Chanel's September 16, 2005, cease and desist letter sent by me together with a copy of the certified mail signed return receipt are attached hereto as Composite Exhibit "1."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this __16__ day of February 2007.


                                                        LYNNETTE OKA

2

Exhibit 1

# CHANEL

September 16, 2005

**BY EMAIL & CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
stopnshoppoutlet@hotmail.com

Julie Ilsley
114 Boxwood Drive
Enterprise, AL 36330

Re:   Sale of Counterfeit CHANEL Merchandise

Dear Ms. Ilsley:

I am writing on behalf of Chanel, Inc. ("Chanel").

Chanel is the owner of the world famous CHANEL and CC Monogram trademarks (the "Chanel Marks"). Chanel owns numerous federal trademark registrations for the Chanel Marks. These registrations constitute conclusive evidence of our ownership of the Chanel Marks, as well as Chanel's exclusive right to use these Marks. As a matter of federal law, these trademark registrations have put you on constructive notice of Chanel's rights in the Marks.

It has come to our attention that you have been advertising and offering for sale handbags which bear counterfeit Chanel marks. We are aware that you have advertised and sold these goods through www.stopnshoppoutlet.com.

Your conduct in offering for sale and selling unauthorized products bearing the Chanel Marks constitutes civil trademark counterfeiting under state and federal law and may also subject you to criminal penalties. The civil remedies available to Chanel may include the seizure and destruction of your goods, an injunction prohibiting your further use of the Chanel Marks, payment of Chanel's attorney fees, and payment to Chanel of three times the amount of money that you made from your sale of counterfeit Chanel merchandise.

In view of the foregoing, we request that you provide us with the following information if you are inclined to resolve this matter on an amicable basis:

1.  The identity of the source of all products that you have offered to sell or sold bearing the Chanel Marks;

2.  A description of all products that you have sold bearing the Chanel Marks;

3. An accounting of all products sold bearing the Chanel Marks, including the number of products sold, your purchase price for each piece of merchandise you sold, and the sale price that you received for each item sold;

4. A detailed list of all products that you have in inventory bearing the Chanel Marks and the location of the inventory;

5. The names of all purchasers to whom you have sold the counterfeit Chanel products.

In addition to this information we must receive from you a written representation that you will:

a. cease and desist from your sale of counterfeit or unauthorized merchandise bearing the Chanel Marks;

b. deliver up to us for destruction all remaining inventory that you have of good bearing the Chanel Marks;

c. reimburse Chanel for all monies spent in investigating your sale of counterfeit or unauthorized merchandise bearing the Chanel Marks; and

d. provide payment to Chanel of all monies you received from the sale of said merchandise.

We anticipate receiving the requested information, materials and representations from you within two (2) weeks of the date of this letter. If such is not the case, we will have no alternative but to refer this matter for further legal action.

This letter is written without waiver of any of Chanel's rights or remedies, all of which are expressly reserved.

Very truly yours,

Lynnette Oka

Lynnette Oka
09/16/2005 11:59 AM

To: stopnshoppoutlet@hotmail.com
cc:
Subject: Sale of Counterfeit CHANEL Merchandise

Julie Ilsley
114 Boxwood Drive
Enterprise, AL 36330

Re:   Sale of Counterfeit CHANEL Merchandise

Dear Ms. Ilsley:

I am writing on behalf of Chanel, Inc. ("Chanel").

Chanel is the owner of the world famous CHANEL and CC Monogram trademarks (the "Chanel Marks"). Chanel owns numerous federal trademark registrations for the Chanel Marks. These registrations constitute conclusive evidence of our ownership of the Chanel Marks, as well as Chanel's exclusive right to use these Marks. As a matter of federal law, these trademark registrations have put you on constructive notice of Chanel's rights in the Marks.

It has come to our attention that you have been advertising and offering for sale handbags which bear counterfeit Chanel marks. We are aware that you have advertised and sold these goods through www.stopnshoppoutlet.com.

Your conduct in offering for sale and selling unauthorized products bearing the Chanel Marks constitutes civil trademark counterfeiting under state and federal law and may also subject you to criminal penalties. The civil remedies available to Chanel may include the seizure and destruction of your goods, an injunction prohibiting your further use of the Chanel Marks, payment of Chanel's attorney fees, and payment to Chanel of three times the amount of money that you made from your sale of counterfeit Chanel merchandise.

In view of the foregoing, we request that you provide us with the following information if you are inclined to resolve this matter on an amicable basis:

1.    The identity of the source of all products that you have offered to sell or sold bearing the Chanel Marks;

2.    A description of all products that you have sold bearing the Chanel Marks;

3.    An accounting of all products sold bearing the Chanel Marks, including the number of products sold, your purchase price for each piece of merchandise you sold, and the sale price that you received for each item sold;

4.    A detailed list of all products that you have in inventory bearing the Chanel Marks and the location of the inventory;

5.    The names of all purchasers to whom you have sold the counterfeit Chanel products.

In addition to this information we must receive from you a written representation that you will:

a.    cease and desist from your sale of counterfeit or unauthorized merchandise bearing the Chanel Marks;

b.    deliver up to us for destruction all remaining inventory that you have of good bearing the Chanel Marks;

c.    reimburse Chanel for all monies spent in investigating your sale of counterfeit or unauthorized merchandise bearing the Chanel Marks; and

d.    provide payment to Chanel of all monies you received from the sale of said merchandise.

We anticipate receiving the requested information, materials and representations from you within two (2) weeks of the date of this letter. If such is not the case, we will have no alternative but to refer this matter for further legal action.

This letter is written without waiver of any of Chanel's rights or remedies, all of which are expressly reserved.

Very truly yours,
Lynnette Oka



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JULIE ILSLEY
114 BOXWOOD DR.
ENTERPRISE, AL 36330

2. Article N
   (Transfer    7005 1160 0004 3160 9041

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X                          ☐ Agent
                              ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

RECEIVED 03 2005



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jennifer Pribish
9 West 57th Street
44th Floor
New York, NY 10019

### THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA,
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York Corporation, | ) | CASE NO. 06-cv-01035-MEF-SRW |
| Plaintiff, | ) | |
| vs. | ) | **DECLARATION OF STEPHEN M.** |
| | ) | **GAFFIGAN IN SUPPORT OF** |
| JULIE ILSLEY, d/b/a | ) | **PLAINTIFF'S MOTION FOR FINAL** |
| STOPNSHOPPOUTLET.COM, and | ) | **DEFAULT JUDGMENT AND** |
| FICTITIOUS DEFENDANTS 1-10 | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT THEREOF AGAINST** |
| Defendants. | ) | **JULIE ILSLEY d/b/a** |
| | ) | **STOPNSHOPPOUTLET.COM** |

I, STEPHEN M. GAFFIGAN, declare upon penalty of perjury under the laws of the United States that the foregoing is true and correct. I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts in support of Plaintiff's Motion for Final Default Judgment and Memorandum of Law in Support Thereof against Julie Ilsley d/b/a Stopnshoppoutlet.com ("Ilsley"):

1.    I am one of the attorneys of record for the Plaintiff Chanel, Inc. ("Chanel"), in the above-titled action and am duly authorized and licensed to practice law before all courts in the State of Florida, the Southern and Middle District Courts of Florida, the Eastern District of Michigan, and the 11th and Federal Circuit Courts of Appeal.

2.    On behalf of Chanel, Inc., I began working on the investigation leading up to this action in December, 2005.

1

3.     On December 22, 2005, I sent a cease and desist letter on behalf of Chanel to Ilsley, requesting that she, among other things, cease and desist any and all further sales of any products bearing the Chanel Marks. No response was received. A true and correct copy of the December 22, 2005, cease and desist letter is attached hereto as Exhibit "1."

4.     Although Ilsley removed Chanel branded items from the surface portion of her website, StopnShoppOutlet.com, Chanel products remained for sale via the specific page accessible at "http://www.stopnshoppoutlet.com/chanel1?b=1."

5.     On March 31, 2006, I sent a follow-up letter again demanding she remove all Chanel branded merchandise from her website. A true and correct copy of the March 31, 2006 letter is attached hereto as Exhibit "2."

## RE: REQUEST FOR ATTORNEY FEES

6.     I am an attorney for Chanel, Inc., engaged to coordinate Chanel's nationwide anti-counterfeiting effort. I have been an attorney practicing in Florida for 12 years. I have extensive trademark litigation experience.

7.     From December, 2005, to the present, the total hours I have billed Chanel, Inc., are 17 hours at a rate of $300.00. To date, I have been paid fees in the amount of $5,100.00.

8.     Some hours in this matter were discounted as a professional courtesy.

9.     All attorney time incurred in this matter relates to the gathering of information, preparation of documents and pleadings, and other litigation related legal services.

10.     My billing rate for intellectual property litigation is $300.00 per hour, which I believe is equal to or less than the prevailing rate for intellectual property attorneys in Alabama.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 20th day of February, 2007.

STEPHEN M. GAFFIGAN

# Exhibit 1

LAW OFFICES

# STEPHEN M. GAFFIGAN, P.A.

312 Southeast 17th Street
Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821

December 22, 2005

**Via Hand Delivery**

Julie Ilsley,
d/b/a StopNShoppOutlet.com
114 Boxwood Drive
Enterprise, Alabama 36330

Re: **Chanel, Inc. v. Julie Ilsley**

Dear Ms. Ilsley:

This firm represents Chanel, Inc. ("Chanel"), which is the owner of all rights in and to the following trademarks:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |

(collectively, the "Chanel Marks"). Chanel has expended a great deal of effort, time, and money developing and promoting the Chanel Marks which have come to symbolize high quality products including, but not limited to handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, and attache cases.

Recently, it has come to our client's attention that you have been offering products bearing counterfeit Chanel Marks through at least an online operation known as "stopnshoppoutlet.com."

Julie Ilsley
December 22, 2005
Page 2

On behalf of Chanel, we demand the following:

1.     That you immediately cease and desist any and all further sales of any products bearing the Chanel Marks;

2.     That you immediately and voluntarily surrender for destruction, or other disposition, all product and/or packaging in your possession, custody, or control bearing the Chanel Marks, as well as all advertising and promotional material relating thereto;

3.     That you provide an accounting of the number of products bearing the Chanel Marks which you have sold, the price charged per item, and copies of all invoices, purchase orders, and shipping documents relating thereto; and any other documents in your possession relating to your sale of products bearing the Chanel Marks;

4.     Your written confirmation that any and all ordering of, sale and distribution of products bearing the Chanel Marks has been discontinued and will not resume at any time in the future; and

5.     A list of all suppliers and customers of the products bearing the Chanel Marks offered for sale by you.

We demand all information requested above be provided to us within one week from the date this correspondence is delivered to you. We also request you countersign this correspondence where indicated to reflect your promise to cease and desist all further use of the Chanel Marks. Once we receive all of the requested information, we will be in a position to discuss an amicable settlement of this matter with you.

Failure to respond to this correspondence in the time frame outlined above will result in the attached Complaint for Damages and Injunctive Relief being filed against you in the United States District Court, Southern District of Alabama, at which time Chanel will pursue every remedy available to it under the law.

Julie Ilsley
December 22, 2005
Page 3

Nothing in this letter shall be construed as a waiver or relinquishment of any rights or remedies of Chanel.

Very truly yours,

**STEPHEN M. GAFFIGAN, P.A.**

By: _____
Stephen M. Gaffigan

DMP/me
Enc.

**AGREED TO AND ACCEPTED BY:** JULIE ILSLEY, d/b/a STOPNSHOPPOUTLET.COM

_____         Dated: _____
Julie Ilsley

Exhibit 2

LAW OFFICES

## STEPHEN M. GAFFIGAN, P.A.

312 Southeast 17th Street
Second Floor
Ft. Lauderdale, Florida 33316
Telephone:  (954) 767-4819
Facsimile:  (954) 767-4821

March 31, 2006

Julie Ilsley,
d/b/a StopNShoppOutlet.com
114 Boxwood Drive
Enterprise, Alabama 36330

Re:    **Chanel, Inc. v. Julie Ilsley**

Dear Ms. Ilsley:

This letter will follow-up on my correspondence, dated December 22, 2005, regarding the above-referenced matter.    While we note that you have removed counterfeit Chanel branded items from the visible portion of your Website, StopNShoppOutlet.com, Chanel products remain for sale via the specific page accessible at http://www.stopnshoppoutlet.com/chanel1?b=1.

On behalf of Chanel, we demand you immediately remove all Chanel branded merchandise from your Website and delete the specific page referred to herein.    If the specific Webpage identified and the Chanel branded products are not removed from your Website within seven (7) days of your receipt of this correspondence, Chanel will proceed to file its Complaint for Damages and Injunctive Relief in the United States District Court for the Southern District of Alabama.

Thank you for your attention to this matter.

Very truly yours,

Stephen M. Gaffigan

Stephen M. Gaffigan

DMP/me

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 06-cv-01035-MEF-SRW |
| | ) | |
| JULIE ILSLEY, d/b/a<br>STOPNSHOPPOUTLET.COM, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER OF  FINAL DEFAULT JUDGMENT AGAINST
JULIE ILSLEY d/b/a STOPNSHOPPOUTLET.COM**

THIS CAUSE having come before the Court on Plaintiff's Motion for Final Default Judgment, and the Court having considered the evidence and authority presented, does hereby:

ORDER AND ADJUDGE that Final Default Judgment is hereby granted in favor of the Plaintiff and against the Defendant Julie Ilsley on all Counts;

ORDER AND ADJUDGE that Defendant Julie Ilsley's infringement and counterfeiting of the Plaintiff's trademarks was malicious and willful; and

ORDER AND ADJUDGE that Defendant Julie Ilsley and her respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined from, intentionally and/or knowingly: manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel Marks; using the Chanel Marks in connection with the sale of any unauthorized goods; using any logo, and/or layout which may be calculated to falsely advertise the services or products of StopnShoppOutlet.com, and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; falsely representing themselves as being connected with Chanel, through sponsorship or association; engaging in any act which is likely to falsely cause members of the

trade and/or of the purchasing public to believe any goods or services of StopnShoppOutlet.com and/or any other website or business, are in any way endorsed by, approved by, and/or associated with Chanel; using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by StopnShoppOutlet.com, and/or any other website or business, including, without limitation, handbags; affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent StopnShoppOutlet.com, and/or any other website or business, goods as being those of Chanel, or in any way endorsed by Chanel; offering such goods in commerce; and from otherwise unfairly competing with Chanel; secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

IT IS FURTHER ORDERED AND ADJUDGED:

1.     Pursuant to 15 U.S.C. § 1117(c), Chanel is awarded statutory damages against Defendant Ilsley of two hundred fifteen thousand, nine hundred and fifty-five dollars and no cents ($215,955.00), for which let execution issue;

2.     Pursuant to 15 U.S.C. § 1117(b), Chanel is awarded its attorney's fees against Defendant Ilsley of six thousand, three hundred ninety-six dollars and no cents ($6,396.00), for which let execution issue;

3.     Pursuant to 15 U.S.C. § 1117(b), Chanel is awarded its investigative fees against Defendant Ilsley of one thousand, four hundred thirteen dollars and no cents ($1,413.00), for which let execution issue;

4.     Pursuant to 15 U.S.C. § 1117(b), Chanel is awarded its costs against Defendant Ilsley of four hundred twenty-five dollars and no cents ($425.00), for which let execution issue;

5.      Interest from the date this action was filed shall accrue at the legal rate.


DONE AND ORDERED this _____ day of _____, 2007.



_____
Mark E. Fuller
United States District Judge



Copy by mail to
non-CM/ECF participant:

Ms. Julie Ilsley
114 Boxwood Drive
Enterprise, Alabama 36330



W0592636.DOC